Smith, J.
This action is brought to enjoin the collection of the unpaid assessments made by the Village of Nor-wood on a lot owned by the plaintiffs, as tenants in common, situate on the---corner of Williams and Huston avenues in said village, which assessments have been levied for the improvement of Williams avenue, one of the ten installments of which has already been paid by the plaintiff. The ground upon which the injunction is asked for is this: It is averred that the village, within the past four years, has levied an assessment of $459.55 upon said lot of the plaintiffs for the improvement of Huston avenue, and of $79.30 for a sidewalk thereon, which has been fully paid by the plaintiff. That *258 the value of said lot, after the improvement of both avenues,, is $1,560, and it is agreed that the assessment so made and paid for the improvement of Huston avenue exceeds in amount twenty-five per cent, of the value of said lot after both improvements were made, and that as the owners of two-thirds of the property abutting on the improvement of Williams avenue did- not petition therefor, that, under the provisions of section 2,283, Revised Statutes, as the improvement of Williams avenue was also made within the past four years, they are not liable for any part thereof.
The evidence in the case shows that the improvement of Williams avenue was commenced and finished before that of Huston avenue, and that the assessment here complained of was duly made and levied before the assessment was levied for the improvement of Huston avenue. So far as appears, there was no legal objection to the validity of this assessment. If it be conceded that the petition for its improvement was not signed by the owners of two-thirds of the property abutting thereon, yet there is no claim, or ground for claim, that the assessment levied for the improvement of Williams avenue was in excess of twenty-five per cent.of the value of the lot of plaintiffs, and at the time it was levied there being no other assessment on the lot for the improvement of any other street, it was valid and binding. If the village, after this, undertook to improve another street, and to levy an assessment therefor on the property of the plaintiffs, which, with the assessment before made for the improvement of Williams avenue, made the total assessment for the two to exceed twenty-five per cent, of the value of the lot, it was this last assessment which should have been attacked-, and unless the provision as to the twenty-five per cent, had been waived by the plaintiffs, they might have enjoined such part thereof as would make it exceed the statutory limit. But this plaintiffs did not do; they paid it in full, and now seek to escape the first assessment — that *259 made for Williams avenue. The improvements were separate and distinct, made under independent proceedings, and each must stand on its own footing. And if there was any error for want of conformity to the law in the assessment for the improvement of Huston avenue, this cannot in any way affect the prior rated assessment for Williams avenue, and plaintiff will not be allowed to recoup as against the assessment of Williams avenue the amount he may have paid, which he was not bound to pay, for the improvement of Huston avenue.
Krato F. Topp, for Plaintiffs.
Wm. E. Bundy, for the Village.-
But aside from this clear principle of law, it would seem that the result which must follow will not be inequitable or unjust to plaintiffs in this case, when it appears from the evidence that this subsequent improvement of Huston avenue was made at the request of one of the plaintiffs, and who voluntarily agreed with the village and bound himself to pay the full amount of the assessment which would be made against this property.
The relief prayed for will be denied, the injunction dissolved and the petition dismissed.